PER CURIAM.
Petitioner seeks a writ of habeas corpus to obtain belated appeal of an order denying a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the 3.850 motion by order rendered on October 20, 1999. In the sworn petition to obtain belated appeal, counsel for petitioner states that counsel did not learn that an order denying relief had been rendered until he contacted the trial court in February 2000.
In response to an order to show cause, the state suggests that the better remedy for this claim is a motion in the trial court pursuant to Florida Rule of Civil Procedure 1.540, which advises the trial court that the order was not received or was otherwise misplaced and should be re-issued in the interest of justice. We decline the state’s suggestion. See, Brigham v. *1222 State, case no. 1D00-2372, — So.2d-, 2000 WL 1459595 (Fla. 1st DCA 2000); Funchess v. Moore, 766 So.2d 348 (Fla. 1st DCA 2000). On the merits, the state accepts petitioner’s counsel’s representations as an officer of the court and does not object under these circumstances to a belated appeal.
We find that petitioner has established the right to obtain a belated appeal from the October 20, 1999, order denying defendant’s motion for post-conviction relief in Duval County case number 96-9364-CF-B. The trial court shall treat this court’s mandate as the notice of appeal. Florida Rule of Appellate Procedure 9.140(j)(5)(D). If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent petitioner on appeal.
PETITION GRANTED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.